# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15-cr-00004-DAP |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| | ) | |
| RONALD BERGRIN, | ) | **MOTION TO INTERVENE AND** |
| | ) | **UNSEAL DOCUMENTS AND** |
| Defendant. | ) | **MEMORANDUM IN SUPPORT** |
| | ) | |

Dr. Kenneth A. Kelner ("Dr. Kelner"), by and through counsel, hereby moves the Court pursuant to Fed. R. Civ. P. 24(b)(1)(B) for leave to intervene in this matter for the limited purpose of requesting that the Court unseal three previously sealed documents (ECF Nos. 95, 96, and 97). The points and authorities supporting this motion are set forth in the accompanying Memorandum in Support and incorporated by reference.

        */s/ Patrick O. Peters*
Patrick O. Peters (0079539)
JACKSON LEWIS P.C.
6100 Oak Tree Boulevard, Suite 400
Park Center Plaza I
Cleveland, OH  44131
Phone:  (216) 750-0404
Fax:     (216) 750-0826
Email:  Patrick.Peters@jacksonlewis.com

Robert J. Costello
Davidoff Hutcher & Citron, LLP
630 Third Avenue
New York, NY  10158
Phone:  (212) 557-7200
Fax:     (212) 286-1884
Email:  rjc@dhclegal.com

*Counsel for Kenneth A. Kelner*

# **TABLE OF CONTENTS**

MEMORANDUM IN SUPPORT ................................................................................................. 1
INTRODUCTION .......................................................................................................................... 1
BACKGROUND ............................................................................................................................ 2
ARGUMENT .................................................................................................................................. 5
   I.   THE MOTION TO INTERVENE SHOULD BE GRANTED ............................................ 5
   II.   THE RECORD SHOULD BE UNSEALED. ..................................................................... 6
CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

## **Cases**

*Ashworth v. Bagley*, 351 F. Supp. 2d 786 (S.D. Ohio 2005) ........................................................... 7

*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983) ........................... 6, 8

*Chapman v. Tristar Prod., Inc.*, No. 1:16-CV-1114,
  2018 WL 4203533, at *5 n.37 (N.D. Ohio Sept. 4, 2018) ........................................................... 5

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042 (D.C. Cir. 1998) ........................................ 5

*In re Knoxvillle News Sentinel Co.*, 723 F.2d 470 (6th Cir. 1983) ............................................ 6, 7

*In re Search Warrant*, No. M-3-94-80, 1996 WL 1609166, at *1 (S.D. Ohio Aug. 20, 1996) ...... 5

*Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159 (6th Cir. 1987) .............. 5, 6

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978) ........................................................ 6

*Omar v. Chertoff*, No. 1:06 CV 2750, 2010 WL 2044712, at *2 (N.D. Ohio May 21, 2010) ........ 7

*Rudd Equipment Company, Inc. v. John Deere Construction & Forestry Co.*,
  834 F.3d 589 (6th Cir. 2016) ................................................................................................... 6, 7

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir.2016) ....................... 7

*State v. Hall*, 141 Ohio App.3d 561, 752 N.E.2d 318 (2001) ......................................................... 7

*United States v. Michigan*, 424 F.3d 438 (6th Cir. 2005) ............................................................... 5

## **Rules**

Fed. R. Civ. P. 24(b)(1) ................................................................................................................ 1, 5

## **Regulations**

R.C. § 149.43 ................................................................................................................................... 7

## MEMORANDUM IN SUPPORT

### INTRODUCTION

Petitioner Dr. Kenneth A. Kelner ("Petitioner") requests leave to intervene in this action for purposes of seeking an order unsealing three previously sealed documents. Petitioner seeks access to these documents in order to assist him in defending against civil claims brought by the defendant in this criminal matter, Ronald Bergrin ("Bergrin"), in a civil action currently pending in New York State Supreme Court under the caption, *Ronald Bergrin v. Kenneth A. Kelner*, Index No. 655268/2017(N.Y. Sup. Ct) before Hon. Robert Reed, J.S.C. (the "New York Action").

The issue covered by the three sealed documents relates to Ronald Bergrin's competency tostand trial in the criminal matter. The competence of Ronald Bergrin to prosecute a civil action in the state of New York is the issue for which the hearing in New York is being held. Thus there is a commonality of questions of law and fact to the two matters. The three sealed documents that Petitioner seeks to have unsealed were the Objections filed by Bergin's then counsel; the United States Attorney's Office Objections to the Competency Reports concerning Bergrin and finally Bergrin's reply to the Government's Objections. This Court endorsed Bergrin's request, made by his counsel, to seal the three documents, without making any of the necessary legal findings likely because the United States Attorney's Office did not oppose the requested sealing and all of the parties then interested had the documents in question.

In finding that Bergrin was incompetent to stand trial, this Court specifically stated that it sustained the now sealed Bergrin's Objections. The sealed information should be made available to Justice Reed in the New York Action as he determines the threshold issue of whether Bergrin is competent to bring the New York Action, as well as a second civil action which is pending before Justice Reed.

1

## BACKGROUND

On December 22, 2014, Bergrin was arrested and charged with the criminal offenses arising out of threats he made to a Special Agent of the Federal Bureau of Investigation. *See* ECF Dkt. No. 21. On January 6, 2015, Defendant was indicted and remanded without bail on those same charges. *See id*. On March 4, 2015, Defendant was referred to the U.S. Bureau of Prisons for psychiatric evaluation. *See* ECF Dkt. No. 43.

Throughout the course of Bergrin's criminal proceeding in this District, Bergrin has had ten different defense attorneys, comprising both retained counsel, Federal Defenders and Criminal Justice Act Lawyers. Despite being represented by counsel, Bergin individually continued to inundate this Court with pro se letter motions requesting new counsel because of alleged conflicts of interest, claims that his counsel was conspiring with the Government against him, claims (no less than three) that the Government had sought to murder him, and claims that this Court was prejudiced against him, among numerous other baseless claims that are too spurious and unfounded to even repeat here. It is important to note that, on numerous occasions throughout this process in the Northern District of Ohio, that it was Bergrin's counsel that requested that Bergrin be sent for psychiatric evaluation. The behavior of the defendant Bergrin, in being unable to work with almost all of the ten different attorneys that represented him during his stay in the Northern District of Ohio, was manifest to this Court. Accusations such as that the Government was purposefully depriving Bergrin of laxative medication in order to induce a heart attack speak for themselves.  Claims that the Government was employing other inmates as confidential informants to act against the interests of Bergrin and to erase information from the prison computers speak for themselves.  These manifestly spurious claims are the epitome of the latin phrase *res ipsa loquitor*.

When Bergrin was first committed to the custody of the Attorney General for psychiatric examination, two reports were generated. While one report found Bergrin competent, the other report found Bergrin incompetent, based in part on his inability to effectively work with his defense counsel. Consecutive attorneys that were substituted for his initial defense counsel corroborated that finding. Bergrin was then committed to the custody of the federal mental health facility at Butner, North Carolina for the purpose of determining whether Bergrin could be restored to mental health to enable him to work effectively with his counsel, and thereafter be declared competent to stand trial on the charges contained in the Indictment.

The stay and evaluation at Butner North Carolina produced two psychiatric reports that found Bergrin to be competent to stand trial on the Indictment.  After those reports were provided to Bergin and his counsel, as well as to the United States Attorney's Office, this Court scheduled a competency hearing, and set forth a briefing schedule for the parties to file Objections to the psychiatric reports and responses thereto.

Prior to filing any Objections to the psychiatric reports or responses thereto, Bergrin's counsel filed a one paragraph motion, which lacked any affidavit of support or explanation, summarily stating:

> Defendant, through counsel, respectfully moves this Court to grant leave to file his Objections to the Bureau of Prison competency evaluation under seal.  Mr. Bergrin is requesting that Objections be filed under seal *because it contains sensitive information pertaining to his personal history.*

ECF Dkt. No. 93 (emphasis added).

The United States Attorney submitted no opposition, and as a result, this Court granted Bergrin's request, allowing "both sides to file objections to the competency evaluation report under seal." ECF Dkt. No. 94. Accordingly, Defendant Bergrin filed his Objections to the Report on October 14, 2016, *see* ECF Dkt. No. 95; the Government filed its Response in Opposition to

3

Defendant 's Objections to the Report on October 21, 2016, *see* ECF Dkt. No. 96; and Defendant filed his Reply to the Government's Objections, *see* ECF Dkt. No. 97. All three documents were placed under seal on the ECF Docket.

Following a hearing conducted by this Court on October 27, 2016, with respect to the competency evaluations and the Objections that both sides made to those competency evaluations, this Court found Bergrin incompetent to stand trial, dismissed the indictment against him without prejudice, and directed the U.S. Marshal's service to transport Bergrin back to New York. *See* ECF Dkt. No. 100.

Mr. Bergrin commenced the New York Action against Petitioner on August 9, 2017, alleging numerous claims relating to breach of contract and fraud. The defendant therein and Petitioner herein, Dr. Kenneth Kelner, filed a Motion to Dismiss the New York Action, which motion was based upon several different grounds, and noted this Court's finding that Bergin was found to be incompetent to stand trial for his criminal charges. In response to Petitioner's Motion to Dismiss the New York Action, Hon. Robert R. Reed, J.S.C., held that there existed "objective evidence that [Bergrin] may, indeed, lack the capacity to sue – given the finding of incompetence by another court of competent jurisdiction, not long before [Bergrin] filed the instant action," as well as the fact that Bergrin has "had a number of attorneys in this matter and has conveyed different reasons for using the allegedly fraudulent Kelner/Kelner Agreement in this matter." Accordingly, Justice Reed scheduled a hearing to be held on February 26, 2019 to determine "if [Petitioner] can establish as a threshold matter that [Bergrin] is incapable of prosecuting this action."

**ARGUMENT**

## I. THE MOTION TO INTERVENE SHOULD BE GRANTED.

Rule 24(b) of the Federal Rules of Civil Procedure provides the Court with the discretionary authority to permit intervention when the proposed intervenor's motion for intervention asserts "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Courts have generally interpreted permissive intervention under Rule 24 flexibly. *See Chapman v. Tristar Prod., Inc.*, No. 1:16-CV-1114, 2018 WL 4203533, at *5 n.37 (N.D. Ohio Sept. 4, 2018) (" '[W]e have eschewed strict readings of the phrase claim or defense, allowing intervention even in situations where the existence of any nominate 'claim' or 'defense' is difficult to find.' ") (quoting *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). The Sixth Circuit has allowed permissive intervention for the sake of challenging a protective order. *See Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987); *see also In re Search Warrant*, No. M-3-94-80, 1996 WL 1609166, at *1 (S.D. Ohio Aug. 20, 1996) (sustaining a non-party's motion to intervene, pursuant to Rule 24(b) for the purposes of unsealing sealed documents on the basis of the petitioner's claims in a second action having common questions of law and that the intervention will not unduly delay or prejudice any party).

In this case, the Defendant in the criminal case, Ronald Bergrin, is the Plaintiff in a civil case in another jurisdiction. The issue decided in the criminal case was whether that defendant was competent to stand trial. In making that determination, this Court specifically stated that it

upheld the Bergrin Objections to the earlier competency reports which are now sealed. In the civil case in a different jurisdiction, the State of New York, the New York Justice is called upon to decide whether that same individual, Ronald Bergin, who was found incompetent to stand trial in Ohio, is competent to prosecute a civil action in the State of New York. It is submitted that the need for Justice Reed, in New York, to have access to those same materials is manifest. Likewise it is clear that a district court has enormous discretionary power over the documents that appear in its ECF file. Moreover, there will be no delay or prejudice to the parties herein because this action has been resolved and closed for three years and Dr. Kelner seeks to intervene for the limited purpose of unsealing the record. *See Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159 (6th Cir. 1987) (granting permissive intervention to a non-party for the purposes of unsealing sealed documents for the purpose of using such documents in a pending civil action after the underlying case had been closed for several years).

## II. THE RECORD SHOULD BE UNSEALED.

It is well established that the public has a presumptive right to inspect and copy judicial documents and files. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978); *In re Knoxvillle News Sentinel Co.*, 723 F.2d 470, 473-74 (6th Cir. 1983). In civil cases, as much as in criminal matters, "[t]he resolution of private disputes frequently involves issues and remedies affecting third parties or the general public," and secrecy serves only to "insulate[ ] the participants, mask[ ] impropriety, obscur[e] incompetence, and conceal[ ] corruption." *Rudd Equipment Company, Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). Shielding material in court records should be done only if there is a "compelling reason why certain documents or portions thereof should be sealed." *Id.*, at 593 (quoting *Shane Grp.*,

6

*Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir.2016); *accord Knoxville*, 723 F.2d at 476 ("Only the most compelling reasons can justify non-disclosure of judicial records."). Even in such cases, "the seal itself must be narrowly tailored to serve that reason," and should "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Rudd*, 834 F.3d at 593–94 (quoting *Shane Grp.*, 825 F.3d at 305). The Sixth Circuit in *Rudd*, *supra.* noted that there is "a strong presumption in favor of openness regarding court records. In this case, there are no protected materials involved. There are no trade secrets, no grand jury testimony, and no affidavits in support of search warrants whose revelation might jeopardize some other federal or state investigation. In fact, courts in this Circuit have held that documents related to psychiatric evaluations of defendant whose competency to stand trial is called into question constitute public records under Ohio statutory and common law. *See, e.g.*, *Ashworth v. Bagley*, 351 F. Supp. 2d 786, 790 (S.D. Ohio 2005) (holding that the interests of permitting public access to competency reports, including interest in public's understanding of every stage of the process, far outweighed interests in denying such access) (citing R.C. § 149.43 and *State v. Hall*, 141 Ohio App.3d 561, 567, 752 N.E.2d 318 (2001)).

In short, the Court filings in question do not constitute any of the types of documents that merit a perpetual seal and that are not intended to be public. Here, the naked claim made to this Court was that the Objections and responses thereto "contained sensitive information pertaining to [Bergrin's] personal history." No compelling reason was ever given or even offered as to why the materials should have been sealed. *See Omar v. Chertoff*, No. 1:06 CV 2750, 2010 WL 2044712, at *2 (N.D. Ohio May 21, 2010) (holding that the public disclosure of sensitive personal information that raises the "possibility of harm" simply is not a "compelling reason" for sealing a public record). Indeed, as noted by the Sixth Circuit, when a district court opts to seal

7

records, it must set forth specific findings and conclusions "which justify the nondisclosure to the public." *Brown & Williamson,* 710 F.2d at 1176. "[A] court's failure to set forth those reasons as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary," is itself sufficient ground to vacate the seal." That is in fact the situation in the case at hand. Because the Government filed no opposition to the application to seal, there was no need for Bergrin to defend his application and no need for this Court to make the findings that would otherwise be required. Moreover, at the time of the filing, no interested party was denied access to the sealed documents and thus, no interested party was prejudiced. That is no longer the case.

In light of Bergrin's commencement of the New York Action, the issue of whether Bergrin is competent to prosecute a civil claim has become an issue before Justice Reed. Petitioner has become an interested party and will be prejudiced by being denied access to the sealed documents. In order to defend the claims made against him by Bergrin, Petition should be permitted to access these sealed documents. Furthermore, in order to make a reasoned decision, Justice Reed should be able to review all of the materials which bear upon the question of Mr. Bergrin's competence. It is therefore submitted that the interests of justice are best served by unsealing the three documents requested. Petitioner has no objection to this Court unsealing any and all records in the criminal proceeding, although our specific request is limited to ECF Docket Numbers 95, 96 and 97.

## CONCLUSION

For the reasons stated above, it is respectfully submitted that this Court should grant Petitioner's motion to intervene and unseal the records requested.

>  */s/ Patrick O. Peters*
> Patrick O. Peters (0079539)
> JACKSON LEWIS P.C.
> 6100 Oak Tree Boulevard, Suite 400
> Park Center Plaza I
> Cleveland, OH 44131
> Phone: (216) 750-0404
> Fax: (216) 750-0826
> Email: Patrick.Peters@jacksonlewis.com
>
> Robert J. Costello
> Davidoff Hutcher & Citron, LLP
> 630 Third Avenue
> New York, NY 10158
> Phone: (212) 557-7200
> Fax: (212) 286-1884
> Email: rjc@dhclegal.com
>
> *Counsel for Kenneth A. Kelner*

## CERTIFICATE OF SERVICE

      I hereby certify that on this ___ day of January, 2019, a true and accurate copy of the foregoing **Motion to Intervene and Unseal Documents and Memorandum in Support** was electronically filed with the United States District Court for the Northern District of Ohio.  A copy of this filing will also be sent via email to the following counsel:

David K. Bowles, Esq.
Bowles Liberman & Newman LLP
14 Wall Street, 20th Floor
New York, NY  100005
*dbowles@blnlaw.com*

*Counsel for Ronald Bergrin*

AUSA Brian M. McDonough, USAO (Brian.McDonough@usdoj.gov)
Edward G. Bryan, Esq. Federal Defenders (edward_bryan@fd.org)

                                          */s/ Patrick O. Peters*
                                          Patrick O. Peters (0079539)

4823-4031-1174, v. 1