**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15-cr-00004 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | **DEFENDANT'S OPPOSITION TO** |
| | ) | **MOTION TO INTERVENE AND** |
| RONALD BERGRIN, | ) | **UNSEAL DOCUMENTS, OR, IN THE** |
| | ) | **ALTERNATIVE, CROSS-MOTION** |
| Defendant. | ) | **TO UNSEAL ADDITIONAL** |
| | ) | **COMPETENCY REPORTS** |

McCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., LPA
Nicholas R. Oleski (0095808)
101 W. Prospect Ave., Suite 1800
Cleveland, Ohio 44115
Tel. (216) 696-1422
Fax (216) 696-1210
nro@mccarthylebit.com

BOWLES LIBERMAN & NEWMAN LLP
David K. Bowles (*pro hac vice* motion to be filed)
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
dbowles@blnlaw.com

*Attorneys for Defendant Ronald Bergrin*

## TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ........ 1

II. FACTS AND PROCEDURAL HISTORY ........ 2

a. The New York Action ........ 2

b. The Federal Action ........ 3

III. ARGUMENT ........ 3

a. Movant Should Not Be Allowed to Intervene and Invade Defendant's Privacy for this Irrelevant and Harmful Purpose ........ 3

1. Movant Fails to Support His Motion with Any Evidence Whatsoever ........ 3

2. There Is No Common Question of Law or Fact ........ 3

b. In the Alternative, the Other Competency Reports Should Be Unsealed as Well ........ 6

IV. CONCLUSION ........ 6

# TABLE OF AUTHORITIES

## Cases

Haworth, Inc. v. Steelcase, Inc., No. 4:85 CV 526, 1992 WL 457284, at *3 (W.D. Mich. Aug. 11, 1992) ........ 4
Hobbs v. Cty. of Summit, No. 5:10CV2069, 2011 WL 3703742, at *2 (N.D. Ohio Aug. 23, 2011) 4
Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291 (2d Cir. 1979) ........ 3
Rolle v. New York City Hous. Auth., 294 F. Supp. 574, 577 (S.D.N.Y. 1969) ........ 4
Ronald Bergrin v. Kenneth A. Kelner *et al.*, Index No. 655268/2017 (New York County) ........ 1

## Rules

Fed.R.Civ.Pro. 24 ........ 3
N.Y. C.P.L.R. 1201 (McKinney) ........ 5

## I. PRELIMINARY STATEMENT

Dr. Kenneth A. Kelner ("Movant") has moved this Court to intervene and unseal certain documents relating to a 2016 determination by the Court to dismiss this action against defendant Ronald Bergrin ("Defendant") so that Movant can potentially use the documents in a civil action that Defendant is pursuing against Movant in the New York State courts. Movant's motion is nothing more than another stalling tactic, and Defendant respectfully requests that the Court deny the motion to intervene.

Movant brings the motion to intervene under Fed.R.Civ.P. 24(b)(1)(B),[1] which allows permissive intervention where there is "a common question of law or fact." Movant does not remotely meet this standard. There is no overlap whatsoever between this action – a dismissed criminal prosecution of Defendant – and the action in New York, in which Defendant is a civil plaintiff seeking damages for Movant's breach of a 2005 written agreement. There is certainly no overlap of the facts. The law at issue is equally dissimilar, comparing Defendant's competence to stand criminal trial before this Court with his capacity to pursue a civil action in New York. Defendant respectfully submits that the Court should deny the motion.

In the alternative, should the Court determine to grant Movant's motion to unseal and unseal the competency reports and other documents sought, Defendant respectfully requests that the Court also unseal *other* competency documents also filed in this proceeding, in which medical professionals determined Defendant competent to stand trial. Movant should not be allowed to cherry pick only those documents that support his position.

---

[1] But this is a criminal case, so the Rules of *Civil* Procedure are not applicable here. *Compare* Fed. R. Civ. P. 1, *with* Fed. R. Crim. P. 1.

## II. FACTS AND PROCEDURAL HISTORY

### a. The New York Action

Defendant sued Movant in New York State Court on August 8, 2017, and amended that complaint on October 16, 2017, in a case entitled Ronald Bergrin v. Kenneth A. Kelner *et al.*, Index No. 655268/2017 (New York County) (the "New York Action"). Declaration of David K. Bowles ("Bowles Dec."), ¶ 2. The primary gravamen of the complaint is that Movant and Defendant entered into a written agreement in 2005 under which Defendant was to provide certain services to Movant. Bowles Dec., Ex. A at ¶¶ 72-85. As stated in the complaint, Movant owes Defendant in excess of $2 million. Id. at ¶ 85.[2]

Movant moved to dismiss the amended complaint in the New York Action on December 4, 2017. Bowles Dec., Ex. B. The first point in Movant's motion was that Defendant lacks legal capacity to sue. Id. at 5-6. Movant failed to offer any evidence whatsoever of Defendant's alleged incapacity except for the 2015-2016 proceedings before this Court. Id.

Defendant opposed Movant's motion on January 5, 2018. Bowles Dec., Ex. C. The opposing papers pointed out that the legal standard for *competence* to stand trial in a criminal proceeding was not and could not be the same as the legal standard for *capacity* to manage a civil trial in a state case, and that Movant had provided no legal authority whatsoever that it should be. Bowles Dec., Ex. C at 23-25.

The court in the New York Action heard the arguments of the parties and stayed the motion to dismiss pending resolution of the issue of legal capacity. Bowles Dec., Ex. D at 7-10. The court set the issue of legal capacity for a hearing on February 26, 2019. Id. at 10-11.

---

[2] Ironically, given the substance of the motion and this opposition, Dr. Kelner is a psychiatrist. Bowles Dec., Ex. A at ¶ 11.

b. The Federal Action

During the 2015-2016 criminal proceedings before this Court, Defendant's counsel moved to seal his competency evaluation, and the Court granted that motion. Dkt. 94. As the record indicates, Defendant's counsel so moved because the reports "contain[] sensitive information pertaining to his personal history." Dkt. 93. It appears that the Court ordered both a motion sequence relating to certain competency reports (Dkt. 95, 96, 97) sealed, as well as certain other competency evaluations (Dkt. 111).

Movant now seeks to intervene to have only docket numbers 95, 96, and 97 unsealed. Movant's Memorandum of Law ("M.Mem.") at 8.

## III. ARGUMENT

a. Movant Should Not Be Allowed to Intervene and Invade Defendant's Privacy for this Irrelevant and Harmful Purpose

1. Movant Fails to Support His Motion with Any Evidence Whatsoever

As an initial matter, Movant's motion is deficient in that it provides the Court with no evidence whatsoever upon which to base the Court's determination. Movant provides no affidavit, evidence, or even an attorney declaration in support of his motion. Movant's motion should be denied on that basis alone.

2. There Is No Common Question of Law or Fact

Movant's motion is brought for permissive intervention under Fed.R.Civ.Pro. 24(b)(1)(B). M.Mem. at 5. Movant claims that the New York Action shares with this action "a common question of law or fact." Id. Movant is entirely mistaken on this point – there is neither a common question of law nor of fact here, and Movant entirely fails to show either.

A seminal case on this issue is Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291 (2d Cir. 1979). In Martindell, during the prosecution of a criminal action, the government sought to

intervene in a civil matter to obtain access to certain sealed records. Id. at 294. The court held that "absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need, none of which appear here, a witness should be entitled to rely upon the enforceability of a protective order against any third parties . . ." Id. at 296. Courts have generally held that protective orders should not be disturbed absent good reason:

> If a legitimate secrecy interest exists and could be harmed by allowing access to the intervenor, then the movant must show why the secrecy interest now deserves less protection than when the protective order was granted, and the movant also must explain why its need for the information outweighs the existing privacy concerns

Haworth, Inc. v. Steelcase, Inc., No. 4:85 CV 526, 1992 WL 457284, at *3 (W.D. Mich. Aug. 11, 1992). Courts have also held that, where the circumstances of two cases are different, they do not have "a question of law or fact in common" sufficient to satisfy the Rule. Rolle v. New York City Hous. Auth., 294 F. Supp. 574, 577 (S.D.N.Y. 1969) (where "factual and legal posture of the two cases appear[] to be different," no intervention allowed). In Hobbs v. Cty. of Summit, this Court denied a motion to intervene, noting that the "facts surrounding the arrests, detentions, and prosecutions of Hobbs, Ranefeldt, and Hackney are so very different one from another that any possible commonality of legal issues pales by comparison." Hobbs v. Cty. of Summit, No. 5:10CV2069, 2011 WL 3703742, at *2 (N.D. Ohio Aug. 23, 2011).

The same analysis should apply here. In this case, Defendant was arrested for certain criminal offenses, and ultimately released after being held for nearly two years on the ground that the Court declared him not competent to stand trial. M.Mem. at 2; Dkt. 108 (transcript of hearing) at 25:22-26:4. The basis of the Court's determination was, as the Court stated on the record, that Defendant could not assist his assigned counsel with his defense. Id. at 17:5-16.

The Court ordered Defendant transported to Manhattan and released. Dkt. 98. Notably, the Court did not assign Defendant a guardian, nor did the Court make any indication that he lacked capacity to manage his own affairs: only that he should not stand for trial. Id.

In the New York Action, by contrast, Mr. Bergrin is the plaintiff, and is working well with counsel in preparing and pursuing that action. Bowles Dec. at ¶ 7. The action is one for breach of contract (among other things) against Movant, and Mr. Bergrin stands to gain over $2 million once the breach is proven. Bowles Dec., Ex. A at ¶¶ 72-85. Notably, Movant has never denied entering into a contract with Mr. Bergrin. *See generally* Bowles Dec., Ex. B at 10 *et seq.* (arguing that no breach ever occurred but never denying the existence of the contract). Movant is simply delaying the New York Action by grasping at straws: forcing the New York court to go through an additional step of determining capacity to sue before the case can go forward.[3]

The court in the New York Action cited to New York Civil Practice and Laws ("CPLR") 1201 in determining that a hearing is required to determine capacity to pursue the case. Bowles Dec., Ex. D at 9-10. CPLR 1201 holds in relevant part that "a person judicially declared to be incompetent shall appear by the committee of his property." N.Y. C.P.L.R. 1201 (McKinney). New York courts have determined that "a person of unsound mind but not judicially declared incompetent may sue or be sued in the same manner as any ordinary member of the community." Sengstack v. Sengstack, 4 N.Y.2d 502, 509, 151 N.E.2d 887, 890 (1958); Bryant v. Riddle, 259 A.D.2d 399, 399, 687 N.Y.S.2d 108, 109 (1999) (similar, citing to Sengstack).

In this case, even more than in Hobbs and Rolle, the facts and law could not be more different. The facts speak for themselves: federal criminal prosecution of Defendant is entirely different from a state civil action in another jurisdiction. Likewise, the law under which the

[3] It is worth noting that the New York court has never requested any documents at all from this Court. Bowles Dec., Ex. D at 9-10.

Court declared Defendant incompetent to stand for criminal prosecution in federal court bears no relation to CPLR 1201, which relates to Defendant's ability to pursue a civil remedy in New York. Under the circumstances, there is no "common law or fact" that would justify intervention.

b. In the Alternative, the Other Competency Reports Should Be Unsealed as Well

As stated above, Defendant respectfully opposes Movant's motion to intervene and unseal Docket Numbers 95, 96, and 97, which appear to contain an August 29, 2016 competency report and a June 26, 2015 competency report, among other documents not described in the public record. M.Mem. at 8; Dkt. 95, 96, 97. Defendant notes that the docket also refers to two other competency reports at Docket Number 111 including a report by Dr. Cunic and one by Dr. Schmedlen, as described in the docket. Dkt. 111. If the Court should choose to allow Movant to intervene, lift the protective order, and unseal Docket Number 95, 96, and 97 – which Defendant opposes – then Movant should not be able to pick and choose. Defendant therefore respectfully requests in the alternative that the Court unseal the documents referenced at Docket Number 111, as well as any other competency evaluations that were prepared by Dr. Tanya Cunic at the Federal Medical Center in Butner, North Carolina.

## IV. CONCLUSION

Defendant respectfully requests that the motion be denied, or in the alternative the cross-motion be granted.

Dated: February 1, 2019

Respectfully submitted,

*/s/ Nicholas R. Oleski*

Nicholas R. Oleski (0095808)
McCarthy, Lebit, Crystal
& Liffman Co., LPA
101 West Prospect Avenue
1800 Midland Building

        Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
nro@mccarthylebit.com

David K. Bowles (*pro hac vice* motion to be filed)
BOWLES LIEBERMAN & NEWMAN LLP
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
Dbowles@blnlaw.com

*Attorneys for Defendant Ronald Bergrin*

**CERTIFICATE OF SERVICE**

The foregoing was electronically filed this 1st day of February, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Nicholas R. Oleski
Nicholas R. Oleski (0095808)